# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEPHEN WALDER**                                          **CIVIL ACTION**

**VERSUS**                                                        **NO.  13-4745**

**N. BURL CAIN, WARDEN**                              **SECTION "G" (2)**

## ORDER AND REASONS

Before the Court are Petitioner Stephen Walder's ("Petitioner") objections[1] to the February 19, 2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed a petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] Petitioner argues that the state appellate court denied his due process and equal protection rights when it affirmed a sentence not authorized by state law, and the state court violated his right to separation of powers when it sentenced him to a sentence not authorized by Louisiana law.[4] The Magistrate Judge recommends that the matter be dismissed with prejudice.[5] Petitioner objects to the Magistrate Judge's findings.[6] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

---

[1] Rec. Docs. 11.

[2] Rec. Doc. 10.

[3] Rec. Doc. 1.

[4] *Id*. at 5, 7.

[5] Rec. Doc. 10 at 19.

[6] Rec. Doc. 11.

# I. Background

## A. Factual Background

Petitioner was charged by indictment in St. Tammany Parish on July 19, 1985, with aggravated rape.[7] On October 21, 1985, a jury found Petitioner guilty of aggravated rape.[8] On February 24, 1986, the trial court sentenced Petitioner to life in prison without benefit of parole, probation or suspension of sentence.[9] On March 4, 1987 the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence,[10] and on May 29, 1986, the Louisiana Supreme Court denied Petitioner's writ of certiorari.[11]

On April 28, 2011, Petitioner filed a motion to correct his sentence in the state trial court, arguing that the United States Supreme Court's holding in *Graham v. Florida* rendered his sentence illegal.[12] On September 8, 2011, the trial court granted the motion, vacated Petitioner's prior sentence, and re-sentenced him to life in prison at hard labor without benefit of probation or suspension of sentence, with credit for time served and parole eligibility.[13] On September 24, 2012, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence,[14] and on April 19, 2013, the Louisiana Supreme Court denied Petitioner's writ of certiorari.[15] Petitioner's

---

[7] State Rec. Vol. I of V, Indictment (Jul. 19, 1985).

[8] State Rec. Vol. III of V, Trial Transcript (Oct. 30, 1985).

[9] State Rec. Vol. III of V, Sentencing Minutes (Feb. 24, 1986).

[10] *State v. Walder*, 86-517 (La. App. 1 Cir. 3/4/87); 504 So. 2d 991.

[11] *State v Walder*, 87-727 (La. 5/29/87); 506 So. 2d 1223.

[12] State Rec. Vol. II of V, Motion to Correct Illegal Sentence (Apr. 28, 2011) (citing 560 U.S. 48 (2010)).

[13] State Rec. Vol. II of V, Sentencing Minutes (Sept. 8, 2011).

[14] *State v. Walder*, 12-51 (La. App. 1 Cir. 9/24/11); 104 So. 3d 137.

[15] *State ex rel. v Walder v. State*, 12-2534 (La. 4/19/11); 111 So. 3d 1032.

sentence became final on August 4, 2011, when he did not file a writ of certiorari with the United States Supreme Court.[16]

On or about June 6, 2013, Petitioner filed an application for federal *habeas corpus* relief.[17] Petitioner argued that the state appellate court denied his due process and equal protection rights when it affirmed a sentence not authorized by state law, and the state court violated his right to separation of powers when it sentenced him to a sentence not authorized by Louisiana law.[18] In response, the State argued that Petitioner's application was untimely and his claims were without merit.[19]

**B. Report and Recommendation Findings**

On February 19, 2014, the Magistrate Judge recommended that the petition be dismissed with prejudice.[20] First, the Magistrate Judge determined that the action was timely because Petitioner was re-sentenced on September 8, 2011 and that sentence became final on July 18, 2013.[21] Next, the Magistrate Judge analyzed the merits of Petitioner's claims.

The Magistrate Judge noted that Petitioner essentially claimed that his sentence violated Louisiana law, finding that Petitioner is not entitled to federal habeas relief for claims based on state

---

[16] Petitioner's Louisiana Supreme Court application was denied April 19, 2013, and under *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), a judgment becomes final by the conclusion of direct review, which includes the time for filing a certiorari petition in accordance with 28 U.S.C. § 2244(d)(1)(A).

[17] Rec. Doc. 1.

[18] *Id.* at 5, 7.

[19] Rec. Doc. 9.

[20] Rec. Doc. 10 at 19.

[21] *Id.* at 11.

law.[22] The Magistrate Judge opined that the United States Supreme Court's decision in *Graham* does not prohibit a life sentence for a juvenile and does not require a guarantee of release.[23] He noted that the Louisiana Supreme Court adopted the same sentencing policy in *State v. Shaffer* as the trial court imposed in Petitioner's case.[24] Accordingly, the Magistrate Judge found that "the Louisiana courts fully complied with the mandates of *Graham* in sentencing Walder to life in prison without restrictions on his parole eligibility."[25]

## II. Objections

### A. Petitioner's Objections

Petitioner timely filed his objections to the Magistrate Judge's Report and Recommendation on February 28, 2014.[26] He argues that his due process rights were violated "when he received an illegal sentence of parole eligibility instead of the next lesser included responsive penalty."[27] He asserts that at the time he was re-sentenced, "the Louisiana Supreme Court had long held that where the sole legislatively-prescribed penalty applicable to a defendant has been declared unconstitutional, a court must re-sentence the defendant based on the sentencing range authorized 'for the next lesser included offense.'"[28] Petitioner contends that he was sentenced in violation of

---

[22] *Id.* at 15 (citing Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir. 1994); *Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 861 (2011)).

[23] *Id.* at 16–17 (citing 57 U.S. at 75) ("A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.").

[24] *Id.* at 17 (citing *State v. Shaffer*, 77 So. 3d 939 (La. 2011)).

[25] *Id.* at 18.

[26] Rec. Doc. 11.

[27] *Id.* at 1.

[28] *Id.* at 2 (citing *State v. Craig*, 340 So. 2d 191 (La. 1976); *State v. Lee*, 340 So.2d 180 (La. 1976)).

the Fourteenth Amendment because his sentence was not authorized by state statute at the time of his re-sentencing.[29] He asserts that he is entitled to habeas relief because his sentence explicitly relies on legislation and case law that did not exist at the time of his re-sentencing.[30]

Petitioner also argues that his sentence violates the Tenth Amendment because he was "re-sentenced by the appealate [sic] court to a sentence that he was not indicted for."[31] He contends that the state court violated the separation of powers doctrine "because only the legislature can determine penalties."[32] He asserts that the grand jury did not consider his current sentence.[33]

### B. State's Response

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing on February 28, 2014.

## III. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[34]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District

---

[29] *Id.* at 2–3 (citing *Burge v. Butler*, 867 F.2d 247, 250 (5th Cir. 1989))..

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.* at 4.

[33] *Id.*

[34] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Court's review is limited to plain error of parts of the report which are not properly objected to.[35]

## B. Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[36]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[37] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[38] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[39]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[40]

---

[35] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[36] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[37] 28 U.S.C. §2254(d)(1).

[38] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[39] *Id.*

[40] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

**IV. Law and Analysis**

In *Graham v. Florida*, the United States Supreme Court held that the Eighth Amendment prohibits a sentence of life without the possibility of parole for a juvenile who committed a nonhomicide offense.[41] The Supreme Court found that "[a] State is not required to guarantee eventual freedom," but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."[42] Petitioner was originally sentenced to life in prison without the possibility of parole. Following the Supreme Court's decision in *Graham v. Florida*, the state trial court re-sentenced Petitioner to life in prison with the possibility of parole.

Petitioner contends that the sentence violated his right to due process under the Fourteenth Amendment because the sentence of life in prison with the possibility of parole was not authorized by state statute at the time he was re-sentenced. Petitioner cites *Burge v. Butler*, where the United States Court of Appeals for the Fifth Circuit held that a prisoner, who was sentenced to life imprisonment without possibility of parole pursuant to a statute that did not apply to his crime and who could not have been given the penalty under any applicable statute, was sentenced in violation of the Due Process Clause of the Fourteenth Amendment.[43] This case is distinguishable from *Burge* because here Petitioner was sentenced pursuant to the state law that applied to his crime; the sentencing court sentenced Petitioner to life imprisonment pursuant to the statute, removing the restriction on parole eligibility consistent with the United States Supreme Court's decision in *Graham v. Florida*.  Further, in *State v. Shaffer*, the Louisiana Supreme Court, recognizing that a

---

[41] 560 U.S. at 74.

[42] *Id*. at 75.

[43] *Burge*, 867 F.2d at 250.

7

sentence of life imprisonment without parole for juvenile defendants convicted of aggravated rape violated the mandate of the United States Supreme Court in *Graham*, held that the appropriate remedy was to amend the sentence deleting the restriction on parole eligibility.[44]

Petitioner also cites *State v. Craig*, arguing that the Louisiana Supreme Court has long held that where the sole legislatively-prescribed penalty applicable to a defendant has been declared unconstitutional, a court must re-sentence the defendant based on the sentencing range authorized "for the next lesser included offense."[45] However, in *Shaffer*, the Louisiana Supreme Court specifically rejected the defendants' argument that the appropriate remedy was to re-sentence them according to the penalties provided for the next lesser and included responsive verdict of attempted aggravated rape.[46] The trial court re-sentenced Petitioner in accordance with this interpretation of Louisiana law by the Louisiana Supreme Court. Accordingly, on *de novo* review, the Court finds Petitioner has not established that his sentence violated his right to due process under the Fourteenth Amendment, and the state court's denial of relief on these issues was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

Finally, Petitioner argues that his sentence violates the Tenth Amendment and the separation of powers doctrine because sentencing penalties are set by the legislature through state statute. However, the Court finds this argument without merit. The Louisiana Supreme Court has noted that "it is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another, and if the invalid part is severable from the rest, the portion which is constitutional may

---

[44] *Shaffer*, 77 So. 3d at 939.

[45] 340 So. 2d at 191.

[46] 77 So. 3d at 941.

stand while that which is unconstitutional is stricken and rejected."[47] Here, the trial court appropriately severed the unconstitutional portion of the statute, the prohibition of parole for juvenile defendants, and applied the remaining provision, life in prison.[48] Accordingly, on *de novo* review, the Court finds Petitioner has not established that his sentence violated the Tenth Amendment or the separation of powers doctrine, and the state court's denial of relief on these issues was not contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner Samuel Walder's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 26th day of January, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] *State v. Cox*, 352 So. 2d 638, 642 (La. 1977).

[48] *See State v. Jones*, 13-1614 * 2 (La. App. 4 Cir. 8/20/14).

9